UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEREMY BELLANTI,

          Debtor,
_____/

JEREMY BELLANTI,                                        Case Number 12-10298
                                                                     Bankr. Number 08-33895
          Appellant,                                  Adversary Proceeding 09-03004
                                                                     Honorable David M. Lawson

v.

LAND ESCAPE OUTDOOR
MAINTENANCE, L.L.C,

          Appellee.
_____/

## **OPINION**

      This case is before the Court on an appeal of an order entered by the bankruptcy court granting a motion for relief from an order of dismissal. The bankruptcy court vacated a dismissal and reinstated an adversary proceeding that challenged the dischargeability of a debt. The effect of the bankruptcy court's order was to continue litigation, but the debtor filed a notice of appeal as if it was a final order. The case was dismissed below initially because the attorney for the creditor missed a deadline for responding to a motion to enforce a sanctions order that had been entered to correct discovery abuses. The creditor had paid the monetary sanctions, but its attorney did not file an answer to the motion saying so. Meanwhile, the debtor's attorney filed a notice in the bankruptcy court stating that the creditor had not responded to the dismissal motion, but its lawyer neglected to mention that the sanctions had been paid. It may be superfluous to say that this case does not represent a model of good lawyering by either side.

The bankruptcy court, taking a rather generous view of counsels' conduct, expressed a preference for deciding cases on their merits rather than on procedural maneuvering, stated that it would have not dismissed the case had it known that the creditor paid the sanctions, granted the creditor's motion under Federal Rule of Civil Procedure 60(b), reinstated the adversary proceeding, and awarded additional costs against the creditor. This Court finds that the bankruptcy court's exercise of discretion was sound. The bankruptcy court's order will be affirmed.

I.

Appellant-debtor Jeremy Bellanti and appellee-creditor Land Escape Outdoor Maintenance, LLC (LEOM) were partners in a business that installed decorative stone projects. Jeremy Bellanti filed a voluntary petition for Chapter 7 bankruptcy protection on September 24, 2008. On January 5, 2009, LEOM initiated an adversary proceeding against Jeremy Bellanti in an attempt to exempt Bellanti's indebtedness to the appellee from discharge under 11 U.S.C. §§ 523(a)(2)(A), 523(a)(4), 523(a)(6), 727(a)(2)(A), and 727(a)(3)-(5), alleging that Bellanti had embezzled more than $350,000 from the business.

After a number of adjournments, the bankruptcy court reopened discovery for 28 days on April 18, 2011 and ordered Jeremy Bellanti, Courtney Bellanti, Christopher Yatooma (the owner of LEOM), and Erika McKeogh to submit to depositions. On April 29, 2011, LEOM noticed *duces tecum* depositions for Jeremy and Courtney Bellanti, which required them to bring numerous documents. On May 4, 2011, Bellanti moved to quash LEOM's notice of deposition *duces tecum*, arguing that requiring Courtney and Jeremy Bellanti to produce thousands of pages of documents contravened the bankruptcy court's limited order reopening discovery. Bellanti also asked for attorney's fees.

On May 16, 2011, LEOM, despite having a transcript of the hearing that clearly delineated the extent to which the bankruptcy court had reopened discovery, noticed the additional depositions of John Bellanti, Marion Bellanti, Todd's Services, Terrafirma, and National Landscape, each of which required the production of documents. On May 20, 2011, Bellanti filed an emergency motion to quash the subpoenas, arguing that the depositions violated the bankruptcy court's order reopening discovery and that the documents requests (LEOM requested documents from Bellanti's parents evidencing any payments to their son from January 1, 2006 to present) were meant to harass and intimidate Bellanti. In his motion, Bellanti requested quashing of the subpoenas, an award of attorney's fees, monetary sanctions, and case-terminating sanctions. The notice attached to the emergency motion indicated that a response had to be filed within fourteen days and that if a response was not filed, "the Court may decide that you do not oppose the relief sought in the Motion and may enter an order granting that relief." Emergency Mot. to Quash Subpoena and Impose Sanctions [bankruptcy case 09-03004, dkt. #72] at 9. On the same day, Bellanti filed an emergency *ex parte* motion to shorten the response time to four days. The court granted that request and ordered a response to be filed by noon on May 24, 2011. LEOM did not file a response, and the bankruptcy court granted Bellanti's motion to quash, quashed the subpoenas, and awarded Bellanti attorney's fees and costs.

Bellanti's counsel submitted an application for attorney's fees and costs related to the motions to quash subpoenas. On August 9, 2011, the bankruptcy court entered two orders requiring LEOM to pay Bellanti attorney's fees and costs totaling $5,176.94 within fourteen days.

On August 15, 2011, both parties filed cross motions for summary judgment on the merits, and each party filed a response. Bellanti believed that LEOM's response included a document not previously disclosed in discovery. LEOM contended that it had disclosed the document.

On August 26, 2011, Bellanti filed a second motion for sanctions, asserting that LEOM had failed to pay the required attorney's fees and costs and failed to produce responsive documents during the discovery period despite a court order requiring it. This second motion for sanctions asked the court to (a) find LEOM in contempt for failure to comply with the earlier order granting sanctions, (b) require LEOM to pay attorney's fees and costs, (c) require LEOM to pay $10,000 as an additional sanction for willful violation of the earlier two sanction orders, (d) require LEOM to pay attorney's fees for time spent waiting for depositions to start due to LEOM's lawyer's tardiness, (e) dismiss LEOM's complaint with prejudice, and (f) grant any other relief. LEOM did not file a response to the second motion for sanctions on time, but it did tender $5,176.94 to Bellanti's attorney on September 1 or 2, 2011. Bellanti's attorney filed a notice of no-response thereafter, but he did not inform the bankruptcy court that LEOM had paid the $5,176.94.

On September 9 and 12, 2011, the parties exchanged several emails to schedule their mediation.

On September 14, 2011, the bankruptcy court granted the second motion for sanctions in its entirety, awarding all of the requested sanctions and dismissing the complaint.

On September 20, 2011, LEOM filed a motion for relief from the court's dismissal order under Federal Rule of Civil Procedure 60(b) and its bankruptcy court counterpart, Federal Rule of Bankruptcy Procedure 9024, plus a belated response to Bellanti's second motion for sanctions. In its Rule 60(b) motion, LEOM asserted that (1) there was a misunderstanding between LEOM and

-4-

its attorney as to the date by which the monetary sanctions had to be paid; (2) LEOM's attorney was out of the office on vacation from August 13, 2011 through September 1, 2011; (3) after realizing its mistake, LEOM mailed a check for $5,176.94 to Bellanti's attorney on September 2, 2011 (which cleared on September 9); (4) LEOM's attoney believed that the motion for sanctions would be treated like a motion *in limine* because the issues remaining after paying the sanctions were evidentiary; (5) the parties exchanged emails on September 9 and 12 in an attempt to settle the case through mediation; (6) and the parties had a mediator booked for September 23, 2011.

On December 9, 2011, the bankruptcy court granted the appellee's motion for relief and reinstated the case. The bankruptcy court stated that case-terminating sanctions must be viewed as a remedy of last resort, courts generally prefer to resolve disputes on their merits, had the judge known that the monetary sanctions had been paid he would have not dismissed the case, and no prejudice would inure to either party if the case were reinstated because each side was gearing up for mediation. The bankruptcy court entered an order that reinstated the case, set aside the September 14, 2011 order of dismissal, and imposed additional fees against LEOM in favor of Bellanti.

This appeal followed. Oral argument was held on August 6, 2012.

II.

A. Jurisdiction

District courts have jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy courts, 28 U.S.C. § 158(a)(1), and, with leave of court, appeals from interlocutory orders and decrees, *id.* § 158(a)(3). Bellanti contends that he has a right to appeal the order setting aside the dismissal under Rule 60(b) and cites *Mallory v. Eyrich*, 922 F.2d 1273 (6th Cir. 1991), in

support of that argument. In *Mallory*, the Sixth Circuit suggested "[t]he law is settled that a ruling on a Rule 60(b) motion may be appealed under Fed. R. App. P. 4(a)," *id.* at 1277, and cited *Browder v. Director, Illinois Department of Corrections*, 434 U.S. 257, 263 n.7 (1978). But *Browder* dealt with an order *denying* relief under Rule 60(b)(6). An order *granting* relief that sets aside a dismissal and reinstates a case "clearly contemplates further proceedings" and is not final. *Dunn v. Savage (In re Saffady)*, 524 F.3d 799, 802 (6th Cir. 2008); *see also Fuller v. Quire*, 916 F.2d 358, 360 (6th Cir. 1990) (noting that grant of Rule 60(b)(6) motion was not appealable unless district court acted without power to do so).

But the jurisdictional issue, while important, need not detain the Court long. The "finality requirement is considered 'in a more pragmatic and less technical way in bankruptcy cases than in other situations,'" *Lindsey v. O'Brien, Tanski, Tanzer & Young Health Care Providers of Connecticut (In re Dow Corning Corp.)*, 86 F.3d 482, 488 (6th Cir. 1996) (quoting *Cottrell v. Schilling (In re Cottrell)*, 876 F.2d 540, 541-42 (6th Cir. 1989)). Moreover, the Court may grant leave to appeal if the notice of appeal was timely filed, which it was here. Fed. R. Bankr. P. 8003(c) ("If a required motion for leave to appeal is not filed, but a notice of appeal is timely filed, the district court . . . may grant leave to appeal or direct that a motion for leave to appeal be filed."). Counsel for Bellanti moved at oral argument for permission to appeal, the appellee did not object, the matters are fully briefed, and the Court believes that allowing the appeal is appropriate.

B. Merits

"The bankruptcy court's findings of fact are reviewed under the clear-error standard, and its conclusions of law are reviewed de novo." *B-Line, LLC v. Wingerter (In re Wingerter)*, 594 F.3d 931, 935-36 (6th Cir. 2010) (citing *Behlke v. Eisen (In re Behlke)*, 358 F.3d 429, 433 (6th Cir.

2004)). The bankruptcy court's finding that the order dismissing the adversary proceeding should be set aside pursuant to Federal Rule of Civil Procedure 60(b) is reviewed for an abuse of discretion. *Burrell v. Henderson*, 434 F.3d 826, 831 (6th Cir. 2006). A "bankruptcy court abuses its discretion when it relies upon clearly erroneous findings of fact or when it improperly applies the law or uses an erroneous legal standard." *Riverview Trenton R.R. Co. v. DSC (In re DSC, Ltd.)*, 486 F.3d 940, 944 (6th Cir. 2007) (internal quotations omitted); *see also B-Line, LLC*, 594 F.3d at 936 ("An abuse of discretion occurs where the reviewing court has a definite and firm conviction that the court below committed a clear error of judgment." (internal quotations omitted)).

Bellanti argues that the bankruptcy court erred in granting relief under Rule 60(b) because all the failures to respond to the motions must be laid at the feet of LEOM's attorney, and his excuse does not satisfy the "mistake, inadvertence, surprise, or excusable neglect" standard required by Rule 60(b)(1). He says that LEOM's lawyers have offered no good reason for ignoring the second motion for sanctions, and their culpable conduct disqualifies LEOM from seeking relief under Rule 60(b)(1).

The Sixth Circuit defines "excusable neglect" one way when a case has not been decided on the merits (e.g., when a default judgment has been entered), and in a slightly different way when a merits decision has been reached (e.g., where summary judgment was granted). *Yeschick v. Mineta*, 675 F.3d 622, 629 (6th Cir. 2012). Where no merits decision was made, the five factors set out in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993), govern, which include "the danger of prejudice to [the non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at

395. Where a court has decided a case on the merits, the determination of "excusable neglect" requires consideration of "three factors: (1) culpability — that is, whether the neglect was excusable; (2) any prejudice to the opposing party; and (3) whether the party holds a meritorious underlying claim or defense. A party seeking relief must first demonstrate a lack of culpability before the court examines the remaining two factors.'" *Yeschick*, 675 F.3d at 628-29 (quoting *Flynn v. People's Choice Home Loans, Inc.*, 440 F. App'x 452, 457-58 (6th Cir. 2011)).

The present case was not decided on the merits. But that matters little, because under either test, LEOM has not offered a plausible excuse for failing to respond to the second motion for sanctions. Counsel for LEOM has explained that he was too busy to file an answer to the first motion due to the abbreviated time period, and he says that he thought he had worked out an agreement with Bellanti's lawyer on the second motion, which Bellanti denies. However, LEOM's attorney never informed the court of any agreement, and the record does not contain evidence of one. Instead, the record shows shoddy practice by LEOM's lawyer, which in turn conveys an air of disrespect for the bankruptcy court's rules of practice and procedure. Counsel simply ignored deadlines and let motions go unanswered. That conduct does not amount to "*excusable* neglect" under any recognized definition.

But that does not resolve the appeal. The bankruptcy court initially granted Bellanti's motion to dismiss believing that no part of its pervious order had been honored. After the motion was filed and before Bellanti notified the court that no response was filed, LEOM paid the monetary sanctions. Yet, Bellanti's lawyer never told the bankruptcy court about that development and instead left the impression that LEOM had not honored any part of the prior order.

-8-

Rule 60(b)(3) allows the court to grant relief based on the opposing party's "fraud . . ., misrepresentation, or misconduct." Relief is appropriate where the moving party "'show[s] that the adverse party committed a deliberate act that adversely impacted the fairness of the relevant legal proceeding [in] question.'" *Info-Hold, Inc. v. Sound Merchandising, Inc.*, 538 F.3d 448, 455 (6th Cir. 2008) (quoting *Jordan v. Paccar, Inc.*, 97 F.3d 1452, 1996 WL 528950, at *6 (6th Cir. 1996) (table)). Counsel for Bellanti expressed the view at oral argument that he had no obligation to tell the bankruptcy court that circumstances had changed between the time he filed his second motion for sanctions and his filing of the notice of no response. He believed that it was incumbent upon LEOM's lawyer to inform the court that the monetary sanctions were paid, which indeed it was. But that does not excuse the moving party from the obligation to report a material change in the status of the case that undercut one of the main allegations in his motion. "Fraud is the knowing misrepresentation of a material fact, or concealment of the same when there is a duty to disclose, done to induce another to act to his or her detriment." *Id.* at 456. "Fraud thus includes 'deliberate omissions when a response is required by law or when the non-moving party has volunteered information that would be misleading without the omitted material.'" *Ibid.* (quoting *Jordan*, 1996 WL 528950, at *6; citing *O'Neal v. Burger Chef Sys., Inc.*, 860 F.2d 1341, 1347 (6th Cir. 1988)).

As counsel acknowledged, communication between the attorneys continued during the time the motions were pending. On September 1, 2011, LEOM's attorney wrote the following email to Bellanti's attorney:

> I reviewed your latest motion [(presumably the August 26, 2011 motion for sanctions)]. I think we can resolve it to everyone's satisfaction. I've been out of the office for the past two+ weeks, and just got back today. Please give me a call tomorrow to discuss. If I'm in a meeting, please have my staff interrupt it. Looking forward to speaking with you.

Appellee's Brief, Ex. D, Sept. 1, 2011 email.  The parties went on to exchange a number of emails regarding mediation, and LEOM sent a check to Bellanti's lawyer for the previously-awarded attorney's fees.  On September 13, 2011, four days after the LEOM's sanctions check cleared, counsel for Bellanti filed a certification of non-response to his motion for sanctions that did not indicate the monetary sanctions had been paid.  The certificate of non-response, although technically correct, misled the bankruptcy court into believing that the factual basis for the relief requested had not changed, when in fact it had.  In that way, Bellanti volunteered information that was misleading.  Bellanti's failure to include the fact that the LEOM paid the sanctions impacted the fairness of the bankruptcy court's decision, and the bankruptcy court acknowledged as much during the hearing on the LEOM's motion for relief from the dismissal order.  The court stated:

> The Court but for the emails going back and forth citing this matter for mediation, would deny the motion in its entirety.  The emails, however, do cause the Court some concern in that it appears that when plaintiff's counsel returned he engaged in the concept of trying to mediate the case.
>
> It's also clear that he confirmed that the sanction amounts were indeed available and were paid.  And that fact is a fact that changed from the time that the motion for sanctions was filed.  And I want to make sure it's very clear.  I'm not faulting defense counsel for a second for filing the motion because when it was filed it was absolutely true.
> . . .
> The Court did not know when it signed the order on September 14th that the sanctions had been paid.
>
> Had the Court known that, and again I'm not faulting anybody, the Court would have looked at the issue slightly differently.  It appeared to this Court on September 14th, 2011 when this order was considered by the Court, and just so the record is clear, I've indicated earlier, I -- I remember looking at this order on September 13th and I wondered why hasn't the plaintiff responded.
>
> Because it's clearly a case in fairness to the parties, it's been contested and it just appeared to the Court that there was no possible response that the fees had not been paid, that there were delays in the depositions being taken, and that it was all true facts and so the Court relied upon that.

>It appears now that that's not particularly true in terms of when the order was signed on September 14th and that is one of the two reasons the Court cites for its decision to grant this motion, with some conditions.

Hearing Tr. [bankr. dkt. #122], Oct. 19, 2011, at 55-57.

The bankruptcy court's decision to grant relief from the order of dismissal represents the ruling that court would have made originally had it known of all the pertinent facts at the time. Rule 60(b)(3) allows such relief. And although the bankruptcy court did not refer specifically to that subrule, it certainly discussed its substance. Moreover, this Court may affirm the bankruptcy court's decision "for any reason," even if "an issue [was] not raised or considered below." *Resolution Trust Corp. v. Moreland (In re Moreland)*, 21 F.3d 102, 104 (6th Cir. 1994) *superseded by statue on other grounds*, Bankruptcy Reform Act of 1994. Whether motivated by mendacity (which is unlikely) or gamesmanship (which is probable), it is clear that the appellant misled the bankruptcy court.

The bankruptcy court's decision to set aside the order imposing sanctions and reinstate the case was a proper exercise of discretion.

### III.

The Court cannot find an abuse of discretion by the bankruptcy court when it granted the motion of Land Escape Outdoor Maintenance, LLC for relief from a previous order dismissing the case.

Accordingly, the order of the bankruptcy court is **AFFIRMED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: August 7, 2012

-11-

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 7, 2012.

s/Deborah R. Tofil
DEBORAH R. TOFIL